# Lehigh Valley Coal Company, Appellant, *v.* Lentz.

*Equity—Injunction—Waters—Estoppel—Mines and mining—Findings of fact.*

1. Equity will not enjoin the discharge of water from one coal basin through a tunnel into another coal basin, where it appears that the complainant gave its consent to the defendant to construct the tunnel; that the complainant's inspector frequently went upon the ground while the work was being done; that the defendant was permitted to make heavy expenditures on the work without objection, and that the complainants had suggested a change in the direction of a channel which suggestion was adopted by the defendant.

2. Injunctions do not always issue as a matter of right, but in many cases it is the duty of courts to take into consideration the conduct and situation of the parties in determining whether this equitable relief should be granted.

3. Findings of fact in an equity case by the trial judge, if based upon sufficient evidence, will not be reversed in the absence of manifest error.

Argued Feb. 16, 1910. Appeal, No. 27, Jan. T., 1910, by plaintiffs, the Lehigh Valley Coal Company, from decree of C. P. Schuylkill Co., Sept. T., 1909, No. 7, dismissing bill in equity in case of the Lehigh Valley Coal Company and the Mill Creek Coal Company v. Lafayette Lentz, Lewis A. Riley and William O. Lentz, trading as Lentz & Company. Before FELL, C. J., MESTREZAT, ELKIN, STEWART and MOSCHZISKER, JJ. Affirmed.

Bill in equity for an injunction. Before SHAY, J.

The opinion of the Supreme Court states the facts.

*Error assigned,* among others, was decree dismissing the bill.

*Guy E. Farquhar* and *Daniel W. Kaercher,* with them *Samuel H. Kaercher,* for appellants.—Under the uncontradicted testimony that the proposed ditch was commenced and finished after the defendants had been notified that if they attempted to do so they would be enjoined, it is apparent that there is no ground for the finding of the court that the plaintiffs are estopped by acquiescence or consent: Lehman v. Murtoff, 7 Pa. Superior Ct. 485; Hepburn v. McDowell, 17 S. & R. 383.

Silence becomes a fraud and works an estoppel only when a party withholds information which the other party does not have and does not possess the means of obtaining and which he should have to protect his rights. Where both parties know the facts or have equal means of knowledge of the facts, the silence of either in regard to them is not a fraud upon the other party: Rhawn v. Edge Hill Furnace Co., 201 Pa. 637.

*Geo. M. Roads,* for appellees.—As appurtenant to their grant in 1884, appellees had and have the right to drain

all water from their mining operations in the south basin through the Morris tunnel and the ditch leading therefrom until all of the coal in the south basin is exhausted, but it is at least doubtful whether appellees have the right to cast the water from the north basin to the south basin and out upon the surface: Pennsylvania Coal Co. v. Sanderson, 113 Pa. 126. In order to acquire permission so to do, they applied to appellants, their lessors and the owner of the fee, excepting the coal estate which it had leased to the two lessee mining companies, obtained its consent, upon the faith of which they expended large sums of money in drainage improvements. This right has now become an irrevocable license and cannot be withdrawn by appellant: Hopkins v. Stoneroad, 21 Pa. Superior Ct. 168; Baldwin v. Taylor, 166 Pa. 507; Russell v. Howe, 30 Pa. Superior Ct. 591; Rerick v. Kern, 14 S. & R. 267; Huff v. McCauley, 53 Pa. 206.

OPINION BY MR. JUSTICE ELKIN, May 24, 1910:

The examination of this voluminous record and the thirty-eight assignments of error has required time and industry but the result of our investigation can be briefly stated. The bill was filed to restrain defendants, who are mine operators, from draining surface and mine water from their mines in one coal basin through a tunnel to another basin and from discharging such water at such place and in such manner as to do injury to the workings of other operators against their protest, and as alleged without authority so to do. By their answer defendants admitted that the water from one basin was drained through a tunnel constructed for the purpose to another basin and was discharged through a ditch which connected with an old culvert running under the tracks of the Reading Railroad Company into Mahanoy creek. The right to thus dispose of the drainage water was asserted and the learned court below sitting as a chancellor after taking a volume of testimony relating to the matters in dispute and giving the respective contentions of the

contending parties full consideration reached the conclusion that the plaintiffs were not entitled to the relief sought.   While the bill was filed by two coal companies, only one of these parties, the appellant here, is complaining of the decree entered in the court below.   The court found as a fact and upon sufficient evidence that the Lehigh Valley Coal Company gave its unconditional consent to appellees to construct a tunnel for the express purpose of draining the water from the north to the south basin and that it does not now object to the delivery of this water at the mouth of the Morris tunnel, but does object to its flowing through the open ditch from the top split of the Monmouth vein, provided it interferes with the mining rights of the Mill Creek Coal Company.   It is significant in this connection that the Mill Creek Coal Company, although an original party to this proceeding, is not here complaining of anything the learned court below did.   Upon the strength of this consent, a large investment was made and heavy expenses were incurred in developing the mining project. The inspector of appellant company frequently went upon the ground while the tunnel was being constructed, saw the work being done by appellees and was familiar with the general purposes and plans for the operation of the mines and the drainage of the water.   The court below found as a fact that both of the complaining companies acquiesced in the construction of the drainage tunnel and the evidence is ample to warrant the finding. Indeed, no other conclusion could have been reached without doing violence to the facts and circumstances developed at the hearing.   We do not see how it could be seriously contended upon any proper view of the record here presented that appellant company did not assent to the construction of the tunnel by appellees for the purpose of draining water from the north to the south basin, and this necessarily included the use of the old Morris tunnel as an outlet.   There seems to have arisen some differences of opinion as to how the water

should be drained after leaving the tunnel. The appellees had dug an easterly channel for this purpose, but this was not satisfactory to the complainants who suggested another course which was adopted. Certainly under these circumstances it would be most unjust for a court of equity to interpose a restraining order which must necessarily endanger if not destroy the value of the property and investment made upon the strength of the understanding with the parties here complaining as to the right of drainage. If at any time actual damage be done appellant by the negligent discharge of water upon complainants' lands or workings, or if injuries incidentally result from the additional flow of water through the ditch about which complaint is made, there is an adequate remedy at law to give proper redress. This appeal cannot be sustained without reversing the findings of fact made by the learned court below and this is never done except for manifest error and we find no such error in this record. Injunctions do not always issue as a matter of right, but in many cases it is the duty of courts to take into consideration the conduct and situation of the parties in determining whether this equitable relief should be granted: Heilman v. Railway Co., 175 Pa. 188; Hinnershitz v. Traction Co., 206 Pa. 91. The case at bar comes within the rule of this class of cases.

Assignments of error overruled and decree affirmed at cost of appellant.